UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS P. DUNN,

        Plaintiff,

   -against-            5:15-cv-1063 (LEK/DEP)

DEUTSCHE BANK NATIONAL
TRUST, *et al.*,

        Defendants.

## **MEMORANDUM-DECISION and ORDER**

### I. INTRODUCTION

*Pro se* Plaintiff Thomas P. Dunn ("Plaintiff") commenced the present action against Defendants Deutsche Bank National Trust Company ("Deutsche Bank") Bank of America, Select Portfolio Servicing ("Portfolio Servicing"), Rosicki Rosicki & Associates P.C. ("Rosicki"), Gillian Brown ("Brown"), Keri Selman, Roger Stotts, Cindy Lai, and John Doe(s) (collectively, "Defendants") based on various federal and state law claims relating to a foreclosure action. Dkt. No. 1 ("Complaint"). On December 15, 2015, Defendants Rosicki and Brown filed a Motion to dismiss and to enjoin Plaintiff from bringing further actions without leave of the Court, and Defendants Deutsche Bank and Portfolio Servicing filed a separate Motion to dismiss. Dkt. Nos. 35 ("Rosicki Motion"); 36 ("Deutsche Bank Motion"). On December 28, 2015, Plaintiff filed a Motion to transfer venue to the Southern District of New York, Dkt. No. 38 ("Venue Motion"), and Defendants Deutsche Bank and Rosicki filed separate responses opposing the Motion, Dkt. Nos. 45 ("Deutsche Bank Opposition"); 47 ("Rosicki Opposition"). For the following reasons, the Defendants' Motions to dismiss are granted, Defendants Rosicki and Brown's Motion for injunctive

relief is denied, and Plaintiff's Motion to transfer venue is also denied.

## II. BACKGROUND

### A. Facts

On May 24, 2004, Plaintiff executed a mortgage on a property at 7085 Lakeshore Road in Cicero, NY (the "Cicero Property"). Dkt. No. 36-4 ("Deutsche Bank Exhibit C") at 1.[1] On August 7, 2006, Deutsche Bank filed a foreclosure action against Plaintiff in the Supreme Court of the State of New York in Onondaga County (the "New York state court"), alleging that Plaintiff failed to make monthly payments. Id. at 4-8. The New York state court granted a judgment of foreclosure and sale of the Cicero Property on January 8, 2009. Dkt. No. 36-6 ("Deutsche Bank Exhibit E") at 1. The Cicero Property was sold at auction to Deutsche Bank by deed dated July 21, 2010. Dkt. No. 36-8 ("Deutsche Bank Exhibit G"). Plaintiff filed numerous motions in New York state court attempting to prevent or delay his eviction. Dkt. No. 35-2 ("Rosicki Exhibits") at 15.[2] Finally, on December 21, 2012, Justice Anthony J. Paris denied Plaintiff's motions and advised Plaintiff that, without prior approval, he would not be permitted to file any further *pro se* motions in any Court in

---

[1] When ruling on a Rule 12(b)(6) motion to dismiss, a court is generally limited to the allegations contained in the complaint. See, e.g., Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, if documents are either attached to the complaint or incorporated by reference into the complaint, they may be considered. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Additionally, "a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." Id. (alteration in original) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d. Cir. 1991)). In this case, the Court considers certain exhibits provided by the Defendants but does not convert the Motion into one for summary judgment because the matters in the exhibits are incorporated by reference in the Complaint, are integral to the claim, or are public record.

[2] Exhibits A through H of the Rosicki Motion are all docketed together under docket number 35-2. Citations to page numbers of the exhibits attached to the Rosicki Motion refer to those generated by the Court's electronic filing system ("ECF").

2

the Unified Court System of the State of New York. Id. at 17.

### B. First Action in the Northern District

On June 24, 2011, Plaintiff commenced a *pro se* action in the Northern District seeking to enjoin Deutsche Bank from evicting Plaintiff from the Cicero Property and to vacate the New York state court foreclosure judgment. Dunn v. Deutsche Bank Nat'l Tr. Co., No. 11-CV-712, 2012 WL 2571275, at *1 (N.D.N.Y. July 3, 2012) (Kahn, J.). Plaintiff alleged that Deutsche Bank had been assigned the mortgage improperly and therefore lacked standing to bring the foreclosure action in New York state court. Id. After holding two hearings, the court denied Plaintiff's request for a temporary restraining order on June 24, 2011. Id. On October 11, 2011, the court denied Plaintiff's motion for a preliminary injunction and granted Deutsche Bank's motion to dismiss for lack of subject matter jurisdiction. Id. Plaintiff subsequently filed another motion for a temporary restraining order barring foreclosure on the Cicero Property, and that motion was denied on July 3, 2012. Id.

### C. The Judgment Proceeding

On October 24, 2012, Plaintiff filed a "Registration of Foreign Judgment" against Deutsche Bank, which consisted of "sixty pages that are very difficult to read and interpret," as well as the allegation that Deutsche Bank owed Plaintiff $50,844,000. Dunn v. Deutsche Bank Nat'l Tr. Co., No. 12-MC-67, slip op. at 1 (N.D.N.Y. Nov. 20, 2012). Plaintiff then filed a motion requesting a transcript of judgment. Id. at 2. The court refused to issue a transcript of judgment because there was "no judgment issued by *a court of any kind*." Id.

### D. Second Action in the Northern District

On July 2, 2015, Plaintiff filed another complaint that arose from Deutsche Bank's state

3

court foreclosure on the Cicero Property. Dunn v. Deutsche Bank Nat'l Tr., No. 15-CV-809, 2015 WL 5638232, at *5 (N.D.N.Y. July 10, 2015), adopted, 2015 WL 5650182 (N.D.N.Y. Sep. 24, 2015). Plaintiff named Deutsche Bank, Portfolio Servicing, Bank of America, BAC Homeloans Servicing LLP, Gillian Brown, and Patrick Haber as defendants. Id. at *3. Plaintiff alleged that the defendants had violated various federal statutes, including the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Homes Affordable Modification Program ("HAMP"), and the Telephone Consumer Protection Act ("TCPA"). Id. Additionally, Plaintiff brought several state law claims, including breach of contract, fraud, fraudulent concealment, unjust enrichment, intentional infliction of emotional distress, and invasion of privacy. Id.

The court granted Plaintiff's application to proceed *in forma pauperis*, but sua sponte dismissed all of Plaintiff's claims in a report-recommendation later adopted in full. Id. at *6. The court dismissed Plaintiff's TCPA and HAMP claims without leave to amend for failure to state a claim and lack of standing. Id. at *3-4. The court also dismissed Plaintiff's TILA and RESPA claims, finding that they were barred by the Rooker-Feldman doctrine. Id. at *4. Finally, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, as all of Plaintiff's federal law claims were dismissed. Id. at *5. Plaintiff filed a motion for reconsideration of the report-recommendation, and that motion was denied. Dunn, 2015 WL 5650182, at *1.

### E. Plaintiff's Complaint in this Action

Plaintiff's claims in this action are also based on Deutsche Bank's state court foreclosure on the Cicero Property, and Plaintiff has named many of the same defendants as in previous cases.[3]

---

[3] As in Plaintiff's second action in this District, he has once again named as defendants Deutsche Bank, Select Portfolio Servicing, Bank of America, BAC Homeloans Servicing LLP, and Gillian Brown. Dunn, 2015 WL 5638232, at *3. In the Complaint in this case, Plaintiff also names

4

Again, Plaintiff brings several state and federal claims, many of which overlap with claims brought in Plaintiff's previous cases in the Northern District. The federal claims include violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), TILA, and RESPA. Compl. at 19, 22, 34, 43. The state claims include negligent misrepresentation, fraud, and intentional and negligent infliction of emotional distress. Id. at 29-32.

Plaintiff filed a Motion to proceed *in forma pauperis*, Dkt. No. 3 ("IFP Application"), which was granted by the Court, Dkt. No. 15 ("October Order"). Upon initial review, Magistrate Judge David E. Peebles accepted Plaintiff's Complaint for filing but noted the "considerable overlap" between the current action and Plaintiff's prior actions in the Northern District. Id. at 7. Judge Peebles further stated that "[t]he court has serious reservations concerning the legal sufficiency of plaintiff's claims in this action. Nonetheless, given the announced intention on the part of at least some of the defendants to seek dismissal of plaintiff's complaint, the court concludes that it would be more prudent to have those motions heard and decided based upon full briefing . . . . Id. at 9. Defendants submitted two separate Motions to dismiss, and Plaintiff did not respond to those Motions. However, Plaintiff did subsequently file a Motion to transfer venue.

## III. LEGAL STANDARD

### A. Motion to Dismiss Under 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must

---

Rosicki, Keri Selman, Roger Stotts, Cindy Lai, and John Doe(s) as defendants. Compl. at 3.

accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

### B. The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (stating that, under the Rooker-Feldman doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court, (2) the injuries of which the plaintiff complains must have been caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings were commenced. Hoblock v. Albany Cty. Bd. of Elections, 422 F. 3d 77, 85 (2d Cir. 2005) (citing Exxon Mobil, 544 U.S. at 283-84). Where Rooker-Feldman applies, a federal district court does not have jurisdiction over the case and it must be dismissed. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413, 415 (1926).

### IV. DISCUSSION

#### A. RICO Violation Claim

Plaintiff alleges that Defendants "carr[ied] out an ongoing enterprise which committed fraudulent acts and attempted to collect an unlawful debt from [Plaintiff] within the meanings of the RICO statutes." Compl. at 46. To the extent that Plaintiff's RICO claim asks the Court to overturn the New York state court foreclosure judgment and grant Plaintiff title to the Cicero property, Plaintiff's claims are barred by the Rooker-Feldman doctrine. However, insofar as Plaintiff alleges RICO violations that gave rise to injuries separate from foreclosure judgment, Plaintiff's claims are dismissed for failure to state a claim

In a recent case, Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014), the Second Circuit found that a prior state court foreclosure judgment does not necessarily bar a plaintiff from pursuing a RICO claim against the mortgagees in federal court. If a plaintiff's claims flow from the injury caused by the state judgment or attack the validity of the state judgment,

then they are barred by the Rooker-Feldman doctrine. Id. However, Rooker-Feldman does not bar RICO claims seeking damages for injuries separate from the foreclosure judgment itself, as long as "the adjudication of [those claims] does not require the federal court to sit in review of the state court judgment." Id.; see also Babb v. Capitalsource, Inc., 588 F. App'x 66, 68 (2d Cir. 2015) (finding plaintiffs' RICO suit not barred by Rooker-Feldman because the complaint "seeks judgment for injuries suffered as a result of defendants' alleged fraud and does not attempt to reverse or undo a state court judgment").

In this case, the Complaint asserts that "[t]he numerous injuries sustained as a result of the defendants' RICO violations are a separate and distinct matter from the question of whether the state ultimately decided they had a right to foreclose on Dunn." Compl. at 48. However, the Complaint does not contain sufficient factual allegations to plausibly state a claim for a RICO violation. Plaintiff alleges "multiple instances of mail fraud and wire fraud," Compl. at 47, but he fails to identify those instances of fraud with any specificity. Federal Rule of Civil Procedure 9(b) requires that parties alleging fraud "must state with particularity the circumstances constituting the fraud or mistake." The Second Circuit further specified that, "[i]n the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" Moore v. PaineWebber, Inc., 189 F.3d 165, 173 (2d Cir. 1999) (quoting Mclaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992)); see also Anctil v. Ally Financial, Inc., 998 F. Supp. 2d 127, 140 (S.D.N.Y. 2014) (dismissing mortgagors' RICO fraud claim for failure to allege acts of mail and wire fraud with sufficient particularity), aff'd in part, rev'd in part sub nom., Babb, 588 Fed. App'x 66.

8

Here, Plaintiff plainly fails to adequately allege the particular acts of fraud. Therefore, to the extent that Plaintiff's RICO claims are not barred by the Rooker-Feldman doctrine, they are dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B. FDCPA Violation Claim**

Many of Plaintiff's FDCPA allegations rest on the premise that the foreclosure judgment was invalid. For example, Plaintiff argues that the Defendants "violated [the FDCPA] by failing to cease its communications with Petitioner and trying to collect a debt that no longer existed." Compl. at 42. Because the Court does not have jurisdiction to review the validity of the state foreclosure judgment, all such claims are dismissed pursuant to the Rooker-Feldman doctrine. To the extent that Plaintiff's FDCPA claims are not barred by the Rooker-Feldman doctrine, they are barred by the statute of limitations, or they are dismissed for failure to state a claim.

Claims for liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "[T]here is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (citing Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 n. 2 (2d Cir. 1992)). The Complaint does not identify the dates of the alleged FDCPA violations, but any alleged violations that took place more than one year before the filing of the present action are time-barred.

Plaintiff argues that equitable tolling is appropriate in this case because, prior to the judgment of foreclosure, he was not aware that Defendants were engaged in allegedly illegal lending practices. Compl. at 39. Although FDCPA claims can be subject to equitable tolling, such tolling is only appropriate under extraordinary circumstances and where the plaintiff is unaware of the

9

existence of his cause of action.  Sykes v. Mel Harris and Associates, LLC, 757 F. Supp. 2d 413 (S.D.N.Y. 2013) (citing State of N.Y. v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988)).  While the Court does not reach the issue of equitable tolling, Plaintiff is advised that equitable tolling is not available where a plaintiff is aware of the defendant's debt collection efforts. Smith v. New Falls Corp., No. 13-CV-1127, 2014 WL 4455051, at *2-3 (N.D.N.Y. Sept. 10, 2014).

While giving due deference to Plaintiff's status as a *pro se* litigant, the Court finds that the Complaint fails to state a cognizable claim under the FDCPA.  Plaintiff's allegations are general, conclusory, and fail to state a claim that is plausible on its face.  Plaintiff alleges that, "[i]n numerous instances, through the means described above, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means to collect money . . . ."  Compl. at 40.  The Complaint does not describe with any specificity how or when the Defendants violated the FDCPA.  Therefore, Plaintiff's FDCPA claims must be dismissed.  See Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d 461 (S.D.N.Y. 2013) (dismissing plaintiffs' FDCPA claims pursuant to Rule 12(b)(6) because the conclusory and formulaic allegations failed to state a plausible claim).

**C. TILA Violation Claim**

Plaintiff asserts that Defendants violated TILA "in numerous instances."  Compl. at 25. Liberally construed, Plaintiff makes two claims for violations under TILA: (1) Plaintiff rescinded his mortgage and gave proper notice as required by TILA, which effectively eliminated any rights Deutsche Bank had to the mortgage, and (2) Defendants failed to adequately disclose terms and fees included in the loan.  Compl. at 17, 25.  Plaintiff's claims under TILA are barred either by the Rooker-Feldman doctrine, the relevant statute of limitations, or dismissed for failure to state a

claim.

Plaintiff's rescission claim is barred by the Rooker-Feldman doctrine. In Plaintiff's second action in the Northern District, he brought a nearly identical claim under TILA in which he argued that his rescission notice voided the foreclosure of the Cicero property. Dunn, 2015 WL 5638232, at *5. As Judge Dancks noted in her report-recommendation, Plaintiff's rescission claim is barred by the Rooker-Feldman doctrine because "Plaintiff is asking the district court to review and reject the foreclosure judgment." Id.; see also In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (finding a rescission claim to be barred by the Rooker-Feldman doctrine because it was inextricably intertwined with the state foreclosure judgment).

To the extent that Plaintiff's disclosure claims attack the validity of the state court foreclosure judgment, they are also barred by the Roocker-Feldman doctrine. However, insofar as Plaintiff alleges violations of TILA that gave rise to injuries separate from foreclosure judgment, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff repeatedly alleges that Defendants violated TILA by failing to accurately disclose the terms of the mortgage. Compl. at 4, 14, 17, 25. However, Plaintiff never elaborates on those allegations or provides any details as to which defendant violated TILA or when the violation took place. Plaintiff's allegations are conclusory and fail to establish the "grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. 555.

Finally, Plaintiff's TILA claims appear to be barred by the statute of limitations. Private actions for damages based on TILA violations are subject to a one-year statute of limitations running from the occurrence of the violation. 15 U.S.C. § 1640(e); McLean-Laprade v. HSBC, No.

11

12-CV-1774, 2013 WL 3930565, at *3 (N.D.N.Y. July 30, 2013) (Kahn, J.). The closing of Plaintiff's mortgage took place on May 24, 2004, and the present action was commenced over ten years later. Deutsche Bank Ex. C at 4. Therefore, any claims relating to undisclosed terms of Plaintiff's mortgage are time-barred.

**D. RESPA Violation Claim**

Liberally construed, the Complaint alleges two separate RESPA violations: (1) Defendants violated 12 U.S.C. §§ 2605(b) and 2605(c) by failing to notify Plaintiff that his mortgage was transferred, and (2) Defendants violated 12 U.S.C. § 2605(d) by improperly charging late fees within sixty days of the date that Plaintiff's mortgage was transferred. Compl. at 20-21. As with Plaintiff's RICO, FDCPA, and TILA claims, Plaintiff's RESPA claims are barred to the extent that they seek to overturn the New York state court foreclosure judgment. However, insofar as Plaintiff alleges damages under RESPA for injuries that are separate from the foreclosure judgment, his claims are barred by the statute of limitations or are dismissed for failure to state a claim.

Under RESPA, any action for violation of § 2605 must be brought within three years. 12 U.S.C. § 2614. Here, Plaintiff does not provide exact dates of the alleged violations, but he states that the "change in servicing occurred sometime between 2007 and 2008." Compl. at 20. If that "change in servicing" refers to the transfer of Plaintiff's mortgage, then Plaintiff's RESPA claims are barred by the statute of limitations. Any failure to notify Plaintiff of that transfer, or late fees illegally collected within sixty days of the transfer, occurred more than three years prior to the commencement of this action on August 28, 2015. Plaintiff does not allege any more recent instance in which his mortgage was transferred. Therefore, to the extent that Plaintiff's RESPA claims are not time-barred, they are dismissed for failure to state a claim.

### E. State Law Claims

A federal district court has supplemental jurisdiction over all state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff's federal claims have been dismissed at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### F. Motion to Transfer Venue

Plaintiff did not respond to the defendants' Motions to dismiss, but he did file a Motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Defendants submitted separate Oppositions to Plaintiff's Motion, and Plaintiff submitted a Reply. Dkt. No. 49 ("Plaintiff's Reply").[4]

Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party must demonstrate by clear and convincing evidence that a transfer of venue is warranted. N.Y. Marine & Gen. Ins. Co. v. Lafarge

---

[4] In his Reply, Plaintiff requests that this Court recuse itself in order to "allow justice to take its course." Pl.'s Reply at 2. However, Plaintiff provides no further explanation for why recusal is warranted in this case. Therefore, Plaintiff's request is denied.

N. Am., Inc., 599 F.3d 102, 113 (2d Cir. 2010).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." Horanzy v. Vemma Nutrition Co., 87 F. Supp. 3d 341, 346 (N.D.N.Y. 2015) (quoting Rindfleisch v. Gentiva Health Sys., Inc., 752 F. Supp. 246, 250 (E.D.N.Y. 2010)). Courts consider a variety of factors in making determinations of convenience and fairness. A non-exhaustive list of such factors includes:

> (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) the availability of process to compel the presence of unwilling witnesses; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties indicating where the case can be tried more expeditiously and inexpensively; and (10) how best to serve the interest of justice, based on an assessment of the totality of material circumstances.

Schomann Int'l Corp. v. N. Wireless, Ltd., 35 F. Supp. 2d 205, 213 (N.D.N.Y. 1999).

Here, Plaintiff fails to demonstrate by clear and convincing evidence that a transfer of venue is warranted. Plaintiff cites none of the above-mentioned factors that courts usually consider in deciding a motion to transfer venue under § 1404(a), and he does not provide any other basis for a change of venue. Therefore, Plaintiff's Motion is denied.

### E. Defendants' Motion for Injunctive Relief

In addition to moving for dismissal of the case at bar, Rosicki moves to enjoin Plaintiff from filing any further actions without first obtaining leave of the Court. Rosicki Mot. at 2. The Court notes that Plaintiff has now filed three actions in the Northern District seeking, in one way or another, to overturn the New York state court foreclosure judgment. The Court reiterates that the

14

Rooker-Feldman doctrine bars federal district courts from reviewing state court decisions. Plaintiff is warned that any more such complaints may result in sanctions, including an injunction against filing further cases in the Northern District without first obtaining leave of the Court. However, Rosicki's Motion for injunctive relief is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Defendants' Motions (Dkt. Nos. 35, 36) to dismiss are **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** without leave to amend;[5] and it is further

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 38) to transfer venue is **DENIED**; and it is further

**ORDERED**, that Rosicki's Motion (Dkt. No. 35) for injunctive relief is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Lawrence E. Kahn
U.S. District Judge

DATED: August 17, 2016
Albany, NY

---

[5] A court should not dismiss a *pro se* plaintiff's complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend should be denied if any amendment would be futile. Rivera v. Governor of N.Y., 92 F. App'x 25, 25 (2d Cir. 2004). Here, the Court finds no indication that a valid claim might be stated in an amended complaint.